861 F.2d 728
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bonifacio O. MAGAHIZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3263.
 United States Court of Appeals, Federal Circuit.
 Sept. 14, 1988.
 
 Before BISSELL, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Bonifacio O. Magahiz (Magahiz) appeals the decision of the Merit Systems Protection Board, Docket No. SE08318710367, denying Magahiz's request to include an additional period of service in the computation of his civil service annuity. We affirm.
 
 
 2
 We have reviewed the administrative judge's findings and have found that they are supported by substantial evidence. See Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984). They are not in any respect arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. Id.
 
 
 3
 In order for Magahiz to have been eligible for an annuity under the civil service retirement provisions in effect during 1960-1972, the Civil Service Retirement Act Amendments of 1956, 5 U.S.C. Sec. 2253(g) (1958),* required that "[a]n employee ... must have, within the two-year period preceding any separation from service, ... completed at least one year of creditable civilian service during which he was subject to this chapter...." (emphasis added.) The words "subject to this chapter" refer to the civil service retirement chapter.
 
 
 4
 The United States Civil Service Commission (Commission), predecessor to the Office of Personnel Management, pursuant to the Civil Service Retirement Act Amendments of 1956, was given the power to exclude any temporary or intermittent employee or group of employees from the benefits of the civil service retirement provisions. 5 U.S.C. Sec. 2252(e) (1958). The Commission exercised this power when it issued 5 C.F.R. Sec. 29.2(a)(14), 21 Fed.Reg. 8262 (1956), excluding "[e]mployees serving under non-permanent appointments, designated as indefinite, made after January 23, 1955," from the civil service retirement provisions. Although also recodified, this regulation has been in effect throughout Magahiz's 1960-1972 employment. 5 C.F.R. Sec. 831.201(a)(14) (1988). Since, according to his personnel records, the contents of which are not in dispute, Magahiz served as an indefinite employee from 1960-1972, his service did not meet the requirement of the Civil Service Retirement Act Amendments of 1956, 5 U.S.C. Sec. 2253(g), or its successor, 5 U.S.C. Sec. 8333(b) (1982). Therefore, this period of service may not be included in the computation of his civil service annuity.
 
 
 5
 Accordingly, the administrative judge's application and analysis of the governing law were correct. Therefore, we affirm.
 
 
 
 *
 In 1966, 5 U.S.C. Sec. 2253(g) was amended and recodified in 5 U.S.C. Sec. 8333(b). The text of 5 U.S.C. Sec. 8333(b) (1982) reads as follows: "An employee ... must complete, within the last 2 years before any separation from service, ... at least 1 year of creditable civilian service during which he is subject to this subchapter before he ... [is] eligible for annuity under this subchapter based on the separation." The words "subject to this subchapter" refer to the amended and recodified civil service retirement provisions. The change in the statutory language does not affect the outcome in this case